**FILED**
**Dec 18, 2019**
**11:33 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **SONIA PURVIS,** | ) | **Docket No. 2019-06-1189** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **CLARKSVILLE MONTGOMERY** | ) | |
| **COUNTY CAA,** | ) | **State File No. 58922-2018** |
| **Employer,** | ) | |
| | ) | |
| **ACCIDENT FUND INSURANCE CO.** | ) | |
| **OF AMERICA,** | ) | |
| **Carrier.** | ) | **Judge Joshua Davis Baker** |

## EXPEDITED HEARING ORDER
## DENYING BENEFITS

The Court held an expedited hearing on December 12, 2019, to consider Ms. Purvis's request for temporary disability benefits and reinstatement of medical benefits. Clarksville Montgomery County Community Action Agency (CMCCAA) terminated her medical benefits when she refused to sign releases for medical records from providers who treated her for previous work-related accidents and other conditions. CMCCAA asked that the Court deny her requests. For the reasons below, the Court denies Ms. Purvis's request for temporary disability and reinstatement of her medical benefits.

### History of Claim

The crux of the parties' disagreement concerns the cause of Ms. Purvis's current need for treatment. Before her most recent injury, she injured her right shoulder and neck at work in 2011. She settled that claim with Auto-Owners Insurance for benefits that included lifetime future medical treatment. Additionally, Ms. Purvis suffers from lupus; a condition she testified regularly causes her considerable pain.

Ms. Purvis suffered her most recent workplace accident on August 8, 2018, when she fell while walking up a wheelchair ramp. She claimed she injured her hip, back,

neck, right shoulder and right arm in the accident. CMCCAA accepted the claim and offered a panel of physicians from which she chose Doctor's Care.[1]

Ms. Purvis saw providers at Doctor's Care three times. While she agreed that none of the physicians took her off work, Ms. Purvis said she could not work because of severe pain. She testified that the physicians were essentially prohibited from taking her off from work but introduced no proof to support her testimony.

Following the 2018 accident, Auto-Owners canceled Ms. Purvis's treatment provided through her 2011 workers' compensation settlement. It asserted that the 2018 accident was an "intervening cause" of her current need for treatment.

CMCCAA also suspended Ms. Purvis's medical benefits, claiming that it could not determine if the 2018 accident caused her need for treatment, considering her lupus and the prior injury. It asked Ms. Purvis to provide releases so it could submit her records to the authorized treating physician for a causation opinion.

Ms. Purvis gave a release for one doctor but failed to do so for other doctors who treated her for the 2011 accident. She also refused to sign releases for providers treating her for lupus, arguing that her lupus had no relevance to her workers' compensation claim.

## Findings of Fact and Conclusions of Law

Ms. Purvis has the burden of proving entitlement to the requested benefits. To carry that burden, she must present sufficient evidence to prove she would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds she failed to carry that burden.

While the parties agree that Ms. Purvis had an accident at work and CMCCAA initially provided treatment for her injuries, CMCCAA terminated those benefits when questions arose about the medical cause of her need for treatment. Thus, the parties dispute medical causation.

Ms. Purvis must prove medical causation through a doctor's opinion to prevail at this hearing; she cannot prove her claim through lay testimony alone. *See Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11 (Mar. 31, 2017); *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015). Ms. Purvis provided no medical opinion to prove her current need for treatment arose primarily from her 2018 accident, so she failed to establish she would

---

[1] Neither party introduced any medical records.

2

likely prevail on this issue at trial. Accordingly, the Court denies her claim for reinstatement of her medical benefits.

The Court's denial does not prevent Ms. Purvis from getting medical proof of causation. CMCCAA terminated benefits because it questioned whether her need for treatment arose from other conditions, but it did so only after asking Ms. Purvis several times to sign releases so the authorized treating physician could review her records. The Court finds CMCCAA's decision to suspend her benefits reasonable under the circumstances, and this hearing may have been avoided if Ms. Purvis had signed the requested releases.

Given that Ms. Purvis did not establish the likelihood of proving medical causation, the Court also denies her request for temporary disability benefits. *See Jewell v. Cobble Constr. and Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 12, 2015).

It is **ORDERED** as follows:

1. Ms. Purvis's request for temporary disability and reinstatement of her medical benefits is denied.

2. This matter is set for a status conference on **Monday, March 9, 2020, at 9:00 a.m. (CDT). You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call might result in a determination of issues without your participation.**

**ENTERED DECEMBER 18, 2019.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:

1. Ms. Purvis's Affidavit
2. HIPAA Medical Release

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

# CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent as indicated on December 18, 2019.

| Name | Regular Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Sonia Purvis | X | | X | 804 Parkview Ct. Clarksville, TN 37042 epurvis496@aol.com |
| Gordon Aulgur | | | X | gordon.aulgur@accidentfund.com rosemary.marlatt@accidentfund.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____

LB-1099    rev. 10/18                            Page 2 of 2                            RDA  11082



### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____        (FMV) _____

Other                 $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                RDA 11082